IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-111-1H

UNITED STATES OF AMERICA,          )
                                   )
    v.                             )
                                   )           **ORDER**
JOHN DEVERE BATTLE,                )
    Defendant.                     )

This matter is before the court on defendant's motion to dismiss Counts Seven, Nine, and Ten, [DE #293], filed on Friday, May 11, 2018. The government has responded in opposition, [DE #296].

Counts Seven and Nine are counts in violation of 18 U.S.C. § 924(c), arising from the alleged carjacking (Count Six) and bank robbery (Count Eight) on June 16, 2016. Count Ten is a count in violation of 18 U.S.C. § 922(g) arising from possessing a firearm as a prior convicted felon on June 16, 2016. Defendant argues the government has charged the same offense in multiple counts, that is, possession of firearm, as charged in Counts Seven, Nine, and Ten during the same course of conduct that occurred on the same occasion on June 16, 2016. Defendant argues these three counts should be dismissed as they are multiplicitous and violate his rights under the Double Jeopardy Clause.

## Court's Discussion

Multiplicity is "'the charging of a single offense in several counts.'" United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (citing Charles A. Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982)). "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments." Id. (citing Wright, Federal Practice and Procedure § 145 at 425-26). The Fourth Circuit begins this assessment regarding the multiplicity of an indictment by first deciding whether the alleged multiplicitous counts charge the "same offense." United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). Whether counts charge the "same offense" "require[s] us to look to whether each charged offense requires proof of some fact that the other does not require." Id. (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "When a single course of conduct violates multiple statutes, multiple punishments may be imposed without violating the Double Jeopardy Clause, if that is what Congress intended." United States v. Chandia, 514 F.3d 365, 372

(4th Cir. 2008) (quoting United States v. Terry, 86 F.3d 353, 355 (4th Cir. 1996)).

To determine Congressional intent, "[w]e first examine whether proof of each crime 'requires proof of an additional fact which the other does not.'" Terry, 86 F.3d at 355 (quoting Blockburger, 284 U.S. at 304).

Here, Counts Seven and Nine are § 924(c) counts. Count Ten is a § 922(g) count.

The elements of Count Seven are as follows:

> For you to find the defendant guilty, the Government must prove each of the following beyond a reasonable doubt:
> ***First:*** That the defendant committed the crime of carjacking on or about June 16, 2016 as alleged in the Second Superseding Indictment; and
> ***Second:*** That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm or that in furtherance of the commission of that crime the defendant knowingly possessed a firearm.

The elements of Count Nine are as follows:

> For you to find the defendant guilty, the Government must prove each of the following beyond a reasonable doubt:
> ***First:*** That the defendant committed the crime of bank robbery on or about June 16, 2016, as alleged in the Second Superseding Indictment; and
> ***Second:*** That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm or that in furtherance of the commission of that crime the defendant knowingly possessed a firearm.

The elements of Count Ten are as follows:

> For you to find the defendant guilty of this offense, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:
> **First**: That on or about June 16, 2016, (Count Ten) the defendant knowingly possessed a firearm or ammunition;
> **Second**: That prior to that date, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and
> **Third**: That the possession of the firearm or ammunition was in or affecting interstate commerce, that is, that the firearm or ammunition had traveled in interstate commerce prior to its possession by the defendant.

The government is required to prove in Count Ten that the defendant was a prior convicted felon and also that the firearm traveled in interstate commerce, although these are not requirements in Counts Seven and Nine. Therefore, Count Ten requires distinct evidence from Counts Seven and Nine to support a conviction.

Counts Seven and Nine require the government to prove the underlying crime of violence to support a conviction on each of those counts, carjacking and bank robbery, respectively. The Fourth Circuit has upheld multiple § 924(c) convictions because each related to a separate underlying predicate offense, finding "[a]s long as the underlying crimes are not identical under Blockburger analysis, then consecutive § 924(c) sentences are permissible." United States v. Khan, 461 F.3d 477, 493 (4th Cir. 2006); see United States v. Rahim, 431 F.3d 753, 757 (11th Cir.

2005) (finding no double jeopardy violation when two § 924(c) counts arose from carjacking and bank robbery occurring in the same course of conduct).

As "[e]ach offense contains one statutorily-mandated element that the other[s][do] not, and Congress has not expressed a clear intention that multiple punishment not be imposed," Counts Seven, Nine, and Ten are not multiplicitous and do not violate the Double Jeopardy Clause. Chandia, 514 F.3d at 372 (quoting Terry, 86 F.3d at 355). Therefore, defendant's motion is DENIED.

Jury selection and trial remain scheduled to commence at **10:00 a.m. on Monday, May 14, 2018**, at the United States Courthouse in Greenville, North Carolina. Counsel shall appear in chambers at 9:30 a.m. on May 14, 2018, with their proposed witness lists, which shall specifically identify the names and cities of residence of each witness.

This 14 day of May 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

5